UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X       Index No.: 21-5464
DANIELLE OLSEN,

            Plaintiff,

-against-                                                              **COMPLAINT**
                                                            **JURY TRIAL DEMANDED**

SOUTH HUNTINGTON UNION
FREE SCHOOL DISTRICT, and
SHEILA BUSHE, in her individual capacity,

            Defendants,
---------------------------------------------------------------X

Plaintiff, DANIELLE OLSEN, (hereinafter "Plaintiff") by her attorneys, SLATER SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"). Plaintiff seeks damages to redress the injuries she suffered because of being exposed to disability discrimination and constructive discharge/wrongful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. On or around March 22, 2021, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant District as set forth herein.

6. On or about March 22, 2021, Plaintiff served Defendant District with a Notice of Claim.

7. On or about March 29, 2021, Plaintiff filed an Order to Show Cause in Suffolk County Supreme Court requesting to serve and file a late notice of claim against Defendant District.

8. On or about May 26, 2021, Defendant District consented to be served with a late Notice of Claim by Stipulation.

9. On or about June 15, 2021, Defendant conducted a 50H hearing pursuant to the Notice of Claim.

10. At least 30 days have passed since service of the Notice of Claim and Defendant District failed to satisfy Plaintiff's claim.

11. On or about August 10, 2021, the EEOC mailed a Right to Sue Letter to Plaintiff.

12. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

13. Danielle Olsen is an individual female with mental health disabilities residing in Suffolk County, New York.

14. At all times herein mentioned, Defendant South Huntington Union Free School District (Hereinafter "Defendant" or "Defendants" or "District") was and still is a public-school district located in Huntington Station, New York.

15. At all times herein mentioned, Defendant Sheila Bushe (Hereinafter "Defendant" or "Defendants") in an individual female and a supervisor at Defendant District.

16. Defendants are covered employers within the meaning of the ADA and the NYSHRL and at all relevant times employed Plaintiff.

17. Plaintiff is a qualified individual within the meaning of the ADA.

18. Plaintiff is a covered employee within the meaning of the ADA and NYSHRL.

## FACTS

19. Plaintiff interviewed with Defendant District on or about December 2016.

20. Defendant District hired Plaintiff on or about February 9, 2017.

21. Defendant District hired Plaintiff as a food service worker at Long Island School for the Gifted and was later transferred to Birchwood Intermediate School.

22. Plaintiff's responsibilities included setting up for breakfast, cleaning up after breakfast, setting up for lunch, serving kids their meals, and cleaning up at the end of the day.

23. Plaintiff's direct supervisor was Defendant Sheila Bushe (Hereinafter "Bushe").

24. At all times relevant Plaintiff was a satisfactory employee.

25. Plaintiff was diagnosed with depression, anxiety, PTSD, and bipolar disorder since the year 2000.

26. Plaintiff's diagnoses affect her major life activities and as a result Plaintiff has difficulties sleeping, concentrating, going to the store, and breathing.

27. On or about April 2018 Plaintiff was hospitalized at Huntington Hospital for an attempted suicide.

28. Plaintiff called and notified Defendants that she would not be coming into work because she was being hospitalized for attempted suicide. Specifically, Plaintiff notified Defendant District's employee Lorraine (Last Name Unknown).

29. As such, Defendants had knowledge that Plaintiff suffered from a mental health disability.

30. Plaintiff was released from the hospital on or about May 2018.

31. Upon Plaintiff's release from the hospital, Plaintiff met with her supervisor, Defendant Bushe.

32. During this meeting, Plaintiff and Defendant Bushe explicitly spoke about Plaintiff's suicide attempt and subsequent hospitalization.

33. As such, Defendant Bushe had knowledge that Plaintiff suffered from a mental health disability.

34. During this meeting with Defendant Bushe, Plaintiff decided that she would take a leave of absence for the remainder of the school year and return to work at Defendant District on or about July 2018 and signed paperwork memorializing this agreement.

35. On or about July 9, 2018, Plaintiff was hospitalized at Huntington Hospital for another attempted suicide.

36. Plaintiff called and notified Defendants that she would not be coming into work because she was being hospitalized for attempted suicide.

37. As such, Defendants had further knowledge that Plaintiff suffered from a mental health disability.

38. Plaintiff was released from the hospital on or about October 4, 2018, and returned to work at Defendant District immediately after.

39. Plaintiff returned to work without issue.

40. On or about February 7, 2020, Plaintiff was hospitalized at Huntington Hospital for another suicide attempt.

41. Plaintiff called and notified Defendants that she was being hospitalized for attempted suicide.

42. During this hospitalization, Plaintiff called Defendants weekly to give updates about her condition.

43. As such, Defendants had further knowledge that Plaintiff was suffering from a mental health disability and even had knowledge about the status of her condition.

44. Plaintiff was released from the hospital on or around March 27, 2020.

45. It was Plaintiff's doctor's assessment that she was stable and able to resume to normal life which included her job.

46. Due to the coronavirus pandemic, Defendant District was shut down and Plaintiff could not return to work.

47. On or about July 30, 2020, Plaintiff received a letter from Defendant District notifying her that she was still hired for the 2020-2021 school year and was instructed to attend a meeting on or about August 11, 2020.

48. On or about August 11, 2020, Plaintiff arrived for the meeting only to find out that nobody else was there. Plaintiff found out through Defendant District's security guard that the meeting was rescheduled and moved to a different school.

49. Plaintiff never received any notice about the rescheduled meeting.

50. Following this incident, Plaintiff called her supervisor, Defendant Bushe, to discuss why she was not informed about the rescheduled meeting.

51. On this call, Defendant Bushe stated, with knowledge about Plaintiff's mental health disability, that they thought that **"the year would be too stressful and [Plaintiff] couldn't mentally handle it"** and wanted Plaintiff to resign from her position at Defendant District right there on the phone.

52. Plaintiff's caseworker, Nikita, was on the call and overheard this conversation.

53. Plaintiff was extremely shocked and upset by Defendant Bushe's comments regarding her mental health disability and subsequent request to resign from her position because of her mental health.

54. After the phone call with Defendant Bushe, Defendant District started pressuring Plaintiff to resign.

55. Defendant District's employees frequently called Plaintiff asking when she was going to come in and sign the resignation paperwork and requested that Plaintiff return the union book.

56. On or about September 2020, Plaintiff attempted to file a grievance with her union about the discrimination and harassment on the basis of her disability by Defendant District.

57. Plaintiff called and emailed her union multiple times to file a grievance. The union, however, never returned her calls or emails.

58. On or about October 14, 2020, Plaintiff was constructively discharged and forced to resign from Defendant District.

59. On the resignation paperwork, Plaintiff wrote that she resigned due to Defendant Bushe's comments about her mental health.

60. Defendants had knowledge about Plaintiff's mental health disability and, on or about October 29, 2020, signed off on the resignation paperwork acknowledging that Plaintiff resigned due to Defendant Bushe's comments about Plaintiff's mental health.

61. As such, Defendant District had knowledge that Plaintiff resigned due to discriminatory comments by Defendant District's employee and supervisor, Defendant Bushe.

62. Plaintiff made sure to confirm that her resignation letter and paperwork was not altered to remove the fact she resigned due to Defendant Bushe's comments about her mental health.

63. As a result of Defendants' actions, Plaintiff is anxious about applying to other positions and fears that others will also discriminate and judge her for her mental health disability.

64. As a result of Defendants' actions, Plaintiff's mental health has exacerbated and she has now qualified to have an emotional support animal.

65. As a result of Defendants' continued harassment, Plaintiff suffered numerous injuries including economic and emotional damages.

66. Due to the harassment by Defendants, Plaintiff suffers from further stress and anxiety.

67. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

68. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

69. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff to on an ongoing basis.

70. Defendants intentionally discriminated against Plaintiff based on her disability.

71. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

72. Defendants exhibited a pattern and practice of discrimination.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICAN WITH DISABILITIES ACT

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The ADA prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

75. Defendant engaged in an unlawful discriminatory practice by discriminating and constructively discharging Plaintiff because of her disability.

76. Plaintiff hereby makes a claim against Defendant under all applicable paragraphs of the American with Disabilities Act.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

79. Defendants engaged in an unlawful discriminatory practice by discriminating and constructively discharging Plaintiff because of her disability.

80. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
October 1, 2021

SLATER SLATER SCHULMAN LLP

*Ramsha Ansari*
John C. Luke, Jr., Esq.
Ramsha Ansari, Esq.
445 Broad Hollow Road, Suite 419
Melville, New York 11747
*Attorneys for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.